UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JONATHAN R. BURRS,

    Plaintiff,

v.   Case No.: 6:25-cv-00884-CEM-NWH

BREVARD COUNTY FLORIDA,
NETTIE ANDERSON,

    Defendants,
_____/

**ORDER**

    This matter is before the Court on Plaintiff's Motion to Strike (the "Motion") (Doc. 19). The Motion seeks to strike Defendant's Response (Doc. 15) to his previous motion to strike, (the "Prior Motion") (Doc. 13), which this Court denied on July 10, 2024 (Doc. 18). Both Motions are primarily focused on the merit Plaintiff's underlying substantive allegations and his disagreement with the arguments made in the pending Motion to Dismiss. The Prior Motion asserted that the Motion to Dismiss was filed in bad faith "for the sole purpose and strategy of intentionally delaying and interfering with the proceeding in a feeble attempt to avoid answering the Complaint . . . ." (Doc. 13 at 1). The instant Motion similarly emphasizes the merit of Plaintiff's underlying claims and incorporates by reference the Prior Motion. (Doc. 19 at 1-3).

    Motions to strike are disfavored and such motions are routinely denied by courts in this district. *See Somerville v. Dep't of Health & Hum. Servs.*, No. 6:24-CV-2185-JSS-

1

UAM, 2025 WL 1167802, at *4 (M.D. Fla. Apr. 22, 2025) (citing cases). Plaintiff does not move to strike under any particular Rule, but the Court presumes that Plaintiff is proceeding under Federal Rule of Civil Procedure 12. *See Lineberry v. Copart, Inc.*, No. 3:23-cv-1442-HES-LLL, 2025 WL 325538, at *1 n.2 (M.D. Fla. Jan. 29, 2025) (construing pro se motion to strike as proceeding under Rule 12). However, "Rule 12(f) motions to strike other filings (such as other motions, responses, or exhibits) are routinely denied as improper." *Pyzynski v. Thomas & Betts Corp.,* No. 6:16-cv-1998-Orl-40DCI, 2017 WL 9510591, at *1 (M.D. Fla. Nov. 16, 2017); *accord Morroni v. Gunderson*, 169 F.R.D. 168, 170 (M.D. Fla. 1996) (denying a motion to strike a motion for sanctions because "a motion is not a pleading, and thus a motion to strike a motion is not proper under [Rule] 12(f)" (alteration adopted) (quotation omitted)). Even if the Motion was directed to a pleading, motions to strike under Rule 12(f) are limited to "redundant, immaterial, impertinent, or scandalous matter[s]." Fed. R. Civ. P. 12(f). Neither Motion points to any such matter.

 Both the instant Motion and the Prior Motion also cite Rule 11 (governing sanctions), but Plaintiff does not explicitly request sanctions. Even if he did, neither the Motion to Dismiss nor the response to Plaintiff's Prior Motion appear to fall within the prohibitions of Rule 11. As such it is hereby

2

**ORDERED** that Plaintiff's Motion to Strike (Doc. 19) is **DENIED**. Plaintiff is cautioned to refrain from filing motions to strike in the future unless directed to allegations that have no possible relation to the controversy and may cause prejudice to one of the parties.[1]

**DONE and ORDERED** in Orlando, Florida, this 14th day of July, 2025.

_____
NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties.

---

[1] *See Carlson Corp. / Southeast v. School Board of Seminole County, Florida,* 778 F. Supp. 518, 519 (M.D. Fla. 1991) (explaining that "[m]otions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered 'time wasters,' and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.").